IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED
DEC 21 2020
David J. Bradley, Clerk of Court

| | |
|---|---|
| JOSE ARMANDO LUJAN ZAMORA § <br> Plaintiff, § <br> § <br> § <br> vs. § <br> § <br> DSD LOGISTICS, LLC and § <br> SAILER NELSON SANCHEZ VIGO § <br> Defendants. § | CIVIL ACTION NO. 20-CV-4322 |

## COMPLAINT

**To the Honorable Judge of the Court:**

Plaintiff, JOSE ARMANDO LUJAN ZAMORA ("Plaintiff" or "Lujan") files this lawsuit against DSD LOGISTICS, LLC and SAILER NELSON SANCHEZ VIGO (hereinafter collectively referred to as "Defendants"). Plaintiff requests relief by judgment and pleads the following:

## PARTIES

1. Plaintiff JOSE ARMANDO LUJAN ZAMORA is an individual residing in Webb County, Texas. He is a citizen of the State of Texas.

2. Defendant DSD LOGISTICS, LLC is a non-resident corporation who intentionally engaged in business activities in the State of Texas. To wit, it is a common carrier that operates throughout the State of Texas. Defendant DSD LOGISTICS, LLC is incorporated in the State of Florida. This Defendant may be served with process by serving its registered agent Jeffrey Fultz, as set out herein. Defendant DSD LOGISTICS, LLC has made a blanket designation of All American Agents of Process as its process agent under the Motor Carrier Safety Act, and All

American Agents of Process in turn has designated Jeffrey Fultz, 10343 Sam Houston Park Dr., Ste 210, Houston, Texas 77064-4656 as Defendant DSD LOGISTICS, LLC's process agent in the State of Texas.

3. Defendant SAILER NELSON SANCHEZ VIGO (hereinafter, "Defendant VIGO") is an individual residing in the State of Florida. Defendant VIGO was the driver operating the 2002 Freightliner on the date in question that is owned by Defendant DSD LOGISTICS, LLC and involved in the incident made the subject of this lawsuit. Defendant VIGO was acting in the course and scope of his actual and/or statutory employment with Defendant DSD LOGISTICS, LLC, and he can be served with process by serving him at his residence located at 17131 NW 37th Ave, Miami Gardens, Florida 33056-4162, or wherever he may be found.

## JURISDICTION AND VENUE

4. The claims asserted arise under the common law of Texas and the Federal Statutory claims applicable to common carriers.

5. The amount in controversy exceeds $75,000.00.

6. Defendant DSD LOGISTICS, LLC, has its principal place of business in the State of Florida. Defendant VIGO is a Florida resident. Jurisdiction, therefore, attaches pursuant to 28 U.S.C. § 1332 since there is diversity of parties and the amount in controversy exceeds seventy-five thousand dollars.

7. Defendant DSD LOGISTICS, LLC is subject to jurisdiction in the State of Texas, and in the Southern District, because it consented to jurisdiction by designating an agent under the Federal Motor Carrier Act, 49 U.S.C. § 13304. *See Ocepek v. Corporate Transport, Inc.,* 950 F.2d 556, 559 (8th Cir. 1991) (holding that New York Motor Carrier consented to jurisdiction in

Missouri for Ohio accident by designating an agent under the Motor Carrier Act). Defendant DSD LOGISTICS, LLC filed a form BOC-3 with the Federal Motor Carrier Safety Administration making a blanket designation naming All American Agents of Process as its process agent for Texas.

8. Defendant DSD LOGISTICS, LLC and Defendant VIGO operate commercial trucks over Texas highways. Defendant DSD LOGISTICS, LLC has an office and a subsidiary company in the State of Texas. Defendants' continuous and systematic contacts and business in the State of Texas constitutes purposeful availment of the benefits and protections of the Texas forum. Accordingly, Defendants are subject to personal jurisdiction in Texas.

9. Moreover, this case arises out of a wreck between Defendant DSD LOGISTICS, LLC's tractor-trailer, driven by Defendant VIGO, and Plaintiff's tractor-trailer that occurred in Texas, therefore, Defendants are subject to personal jurisdiction in Texas.

10. The wreck made the basis of this lawsuit occurred in the Southern District of Texas. Therefore, Venue is proper in this district and division pursuant to 28 U.S.C. 1391(b)(2) because all or a substantial part of the events giving rise the claim occurred in this judicial district.

11. Defendant is deemed to reside in the Southern District of Texas because it is amenable to jurisdiction in said district. 28 USCS § 1391.

## STATEMENT OF FACTS

12. Defendant DSD LOGISTICS, LLC is a motor carrier licensed by and registered with the Federal Motor Carrier Safety Administration.

13. Defendant DSD LOGISTICS, LLC hired, qualified, and retained Defendant VIGO, the individual operating the freightliner involved in this collision. At all times relevant to this

lawsuit, Defendant VIGO was acting in the course and scope of his actual and/or statutory employment with Defendant DSD LOGISTICS, LLC, pursuant to 49 C.F.R. § 376.12.

14. On or about February 8, 2019, Defendant VIGO was operating a 2002 Freightliner (VIN No. 1FUJBBCG82LJ93107) towing a trailer (VIN No. 1GRAA06266W700546) (the "tractor-trailer"). The tractor-trailer was owned by Defendant DSD LOGISTICS, LLC.

15. On or about February 8, 2020 Plaintiff JOSE ARMANDO LUJAN ZAMORA was involved in a wreck with Defendants' tractor-trailer in Harris County, Baytown, Texas, on Interstate 10 East. Defendant VIGO was illegally and/or dangerously parked on the side of the interstate highway. As a result, a collision occurred between Defendants' tractor-trailer and the tractor-trailer that was driven by Plaintiff.

16. As a result of the wreck, Plaintiff sustained serious and permanent bodily injuries, for which he is seeking damages in this suit.

## CAUSE OF ACTION FOR NEGLIGENCE

17. Defendant VIGO was negligent in the operation of Defendants' tractor-trailer. Specifically, Defendant VIGO negligently created a dangerous situation by illegally and/or improperly parking the Defendants' tractor-trailer on the side of the interstate highway.

18. Defendant DSD LOGISTICS, LLC is vicariously liable for the negligence of its driver, Defendant VIGO under the statutory employment doctrine as well as the doctrines of respondeat superior, agency, and/or ostensible agency.

19. Based on the facts and circumstances of the wreck, it appears Defendant VIGO was unqualified, improperly trained, and/or fatigued at the time of the collision. Based upon information and belief, Defendant DSD LOGISTICS, LLC was negligent in improperly qualifying,

training, retaining, and/or supervising Defendant VIGO. It further appears that Defendant DSD LOGISTICS, LLC was negligent in its entrustment of its tractor-trailer to Defendant VIGO.

20. Further, Plaintiff pleads the foregoing facts and theories cumulatively and alternatively, with no election or waiver of rights or remedies.

## DAMAGES

As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff has incurred the following damages:

- Reasonable medical care and expenses in the past;
- Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;
- Physical pain and suffering in the past and future;
- Physical impairment in the past and future;
- Mental anguish in the past and future; and
- Lost wages in past and reduced wage-earning capacity in the future.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

## PRO HAC VICE

23. Immediately following the acceptance of this Complaint, the undersigned counsel will seek leave of court to appear Pro Hac Vice.

## PRAYER

Plaintiff prays that this citation issue and be served upon Defendants in a form and manner prescribed by law, requiring that Defendants appear and answer, and that upon final hearing, Plaintiff have judgment against Defendants in a total sum in excess of the minimum jurisdictional

limits of this Court, plus pre-judgment and post-judgment interests, all costs of Court, actual and consequential damages allowed by law, exemplary damages, and all such other and further relief, to which Plaintiff may be justly entitled.

Respectfully Submitted,

THOMAS G. KEMMY
KEMMY LAW FIRM, P.C.
322 West Woodlawn Avenue
San Antonio, Texas 78212
Telephone: (210) 735-2233
Facsimile: (210) 736-9025
tom@kemmylaw.com

BY: _____
THOMAS G. KEMMY
State Bar No. 11254600

*ATTORNEY FOR PLAINTIFF*
